**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Demontre W. HAYDEN, Defendant–
Appellant.**

No. 01–5991.

United States Court of Appeals,
Sixth Circuit.

June 3, 2003.

Before GUY, BOGGS, and
DAUGHTREY, Circuit Judges.

PER CURIAM.

Defendant, Demontre W. Hayden, appeals from his conviction after a jury trial for conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and 846. Hayden argues that there was insufficient evidence to convince a jury beyond a reasonable doubt that he entered into an agreement with someone other than a government agent in violation of the drug conspiracy statute. After reviewing the records and the arguments presented on appeal, we affirm.

## I.

LaMichael Finney was a drug dealer who was cooperating with the FBI and the DEA. In 1999, Hayden contacted Finney to solicit three kilograms of cocaine. Finney contacted Sean Bishop, who agreed to sell the cocaine to Hayden through Finney. The three men were friends, and Hayden had purchased drugs in the past from both Finney and Bishop. Finney reported the solicitation to the FBI, and his subsequent telephone conversations with Bishop and Hayden were recorded.

When Hayden contacted Finney, both Finney and Bishop had been released on bond on drug charges in separate cases. Bishop was concerned that Finney was cooperating with law enforcement. Bishop personally visited Hayden to confirm that Hayden wanted to buy cocaine. After Bishop received Hayden's assurances, negotiations continued through Finney.

Because Hayden delayed in getting the money for the purchase together, Bishop sold two of the kilograms of cocaine to another party. Hayden agreed to take the remaining one kilogram, but told Finney that he wanted another two kilograms when they became available. Arrangements were made to exchange the cocaine for the money through Bishop's and Finney's "runners." The exchange was scheduled for September 1, 1999, but did not occur because of confusion between Finney and Bishop. When Bishop insisted that Finney join him and wait while their runners completed the exchange with Hayden, the DEA agents called off the deal because of the risk to Finney. No drugs were found in Bishop's possession, and no money or drug paraphernalia was found in Hayden's possession.

Hayden was indicted, and Bishop and Finney testified at trial. The recorded telephone conversations between Finney, Bishop, and Hayden were entered into evidence. Bishop testified that he never intended to deliver any cocaine to Finney because he was concerned that Finney was a "snitch."

At the conclusion of the government's case, Hayden moved for judgment of acquittal, which was denied. Hayden was convicted, and the district court sentenced him to 63 months in prison. This appeal followed.

## II.

We review the denial of a motion challenging the sufficiency of the evidence by determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Turner*, 272 F.3d 380, 383 (6th Cir.2001). Circumstantial evidence alone is sufficient to sustain a conviction, and such evidence need not remove every reasonable hypothesis except that of guilt. *United States v. Vincent*, 20 F.3d 229, 233 (6th Cir.1994). Neither the district court nor the court of appeals may make independent determinations regarding the credibility of witnesses or the weight to be given to such evidence. *United States v. Davis*, 981 F.2d 906, 908 (6th Cir.1992).

To support a conviction for conspiracy, the government must prove that there was an agreement to violate the drug laws, and that Hayden knew of and voluntarily joined in the conspiracy. *See United States v. Avery,* 128 F.3d 966, 970 (6th Cir.1997). "The connection of the defendant to the conspiracy need only be slight, if there is sufficient evidence to establish that connection beyond a reasonable doubt." *United States v. Christian,* 786 F.2d 203, 211 (6th Cir.1986) (internal quotation marks and citation omitted).

It is settled that proof of an agreement between a defendant and a government agent or informer is not sufficient to support a conspiracy conviction. *United States v. Pennell,* 737 F.2d 521, 536 (6th Cir.1984). The rule that government agents do not count as coconspirators, however, is limited to situations in which the conspiracy involves *only* one defendant and a government informer. *See United States v. Giry,* 818 F.2d 120, 126 (1st Cir. 1987). Although recorded conversations between the defendant and an informer or agent cannot establish a conspiracy, they may be used as evidence of a conspiracy between the defendant and other conspirators. *See United States v. Esparsen,* 930 F.2d 1461, 1472 n. 11 (10th Cir.1991); *United States v. Elledge,* 723 F.2d 864, 866 (11th Cir.1984). It is sufficient in a "drug-chain conspiracy" to show that each member of the conspiracy realized that he was participating in a joint venture. *See United States v. Price,* 258 F.3d 539, 545 (6th Cir.2001).

Hayden argues there was no evidence of a drug-chain conspiracy because Bishop testified that he never intended to supply cocaine to Finney for sale to Hayden because Bishop was concerned that Finney was a government informer. As the government correctly points out, however, the jury was free to discredit and disregard this portion of Bishop's testimony.

From the tape recordings, the jury reasonably could have concluded that Hayden ultimately agreed to purchase one kilogram of cocaine from Bishop and that Bishop agreed to deliver it. During the conversation where Bishop revealed to Finney that he only "got nothing but one" kilogram to sell to Hayden, Bishop said: "I'm not saying no, dude. Get that through your head. I said I would do it. I just don't like it." Later that same day, Bishop and Finney attempted, albeit unsuccessfully, to make the exchange of money for drugs. When viewed in a light most favorable to the prosecution and without making independent credibility determinations, we conclude that a rational trier of fact could have found Hayden guilty of conspiracy beyond a reasonable doubt.

**AFFIRMED.**