NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0475n.06
Filed: July 3, 2007

No. 06-3479

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GREGORY YOUNG, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: ROGERS and COOK, Circuit Judges; and DOWD, District Judge.[*]

DOWD, District Judge. This is an appeal from a jury conviction and sentence to a term of 240 months following Young's conviction of Count 1 for possession with intent to distribute over 50 grams of crack cocaine and Count 2 for possession with intent to distribute 134 grams of cocaine. In each count, the defendant was charged as both a principal and an aider and abettor.

Young was observed engaging in erratic driving on U.S. Route 35 south of Chillicothe by a motorist who alerted the Ohio Highway Patrol by use of his cell phone. The Highway Patrol Officer stopped Young's vehicle. The stop eventually led to the discovery of crack cocaine and powder cocaine in the vehicle and on the person of Young who was driving the vehicle. Two

---

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

passengers were in the vehicle, Price Day and a woman. When the troopers opened the door of Young's vehicle, they smelled a strong odor of marijuana. The vehicle was laden with crack cocaine and powder cocaine. A bag containing in excess of 53 grams of crack cocaine was protruding from underneath the driver's side floor mat. Eventually, a bag containing in excess 52 grams of cocaine powder was found between Young's abdomen and the elastic waistband on his trousers.

A subsequent search of the trunk of Young's vehicle, based on a search warrant, led to the discovery of a "purplish colored plastic bag" with the name of "Deveroes" on it and containing clothing that fit the body type of Young rather than the other male, Price Day. In the bag, a loaded .40 caliber Glock firearm was discovered, as well as three bags containing, respectively, 54 grams of crack cocaine, 17 grams of cocaine powder, and 64 grams of cocaine powder.

Young's attorney, in the opening statement, advanced the claim that the cocaine powder found on Young's person was for his own personal use.

On appeal, Young attacks the sufficiency of the evidence supporting his convictions and contends that the evidence was insufficient to establish "intent to distribute" and "constructive possession," as there was no testimony of a connection between the cocaine found in Young's vehicle and any intent on the part of Young to distribute.[1]

As clearly indicated in the recent published opinion of *United States v. White*, -- F.3d --, 2007 WL 1662021, at *6 (6th Cir. Jan. 31, 2007):

---

[1]Young advances the additional claim that he was denied the effective assistance of counsel by reason of his lawyer's opening statement conceding the fact of possession of the cocaine found on his person, but arguing that the cocaine was limited to the personal use of Young. We find that it is premature, on direct appeal, to rule on a claim advancing the denial of the effective assistance of counsel.

We review sufficiency of the evidence claims to determine whether "any rational trier of fact could find the elements of the crime beyond a reasonable doubt" and, in doing so, we "view[] the evidence in the light most favorable to the prosecution,...giving the government the benefit of all inferences that could reasonably be drawn from the testimony." *United States v. M/G Transp. Servs., Inc.,* 173 F.3d 584, 589 (6th Cir. 1999) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "A defendant claiming insufficiency of the evidence bears a very heavy burden." *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986) (quoting *United States v. Soto*, 716 F.2d 989, 991 (2d Cir. 1983)) (internal quotation marks omitted).

The jury was presented with sufficient evidence to find that Young both actively possessed and constructively possessed the drugs on his person and in his vehicle, with the intent to distribute. A jury may infer that a defendant had the intent to distribute drugs from circumstantial evidence of the possession of large quantities of drugs. *United States v. Faymore*, 736 F.2d 328, 333 (6th Cir. 1984). In this case, the substantial quantities of powder and crack cocaine that Young possessed, combined with the presence of baking soda in the vehicle, support the inference that Young did not possess the drugs only for personal use as he argued at trial. The government offered unrebutted evidence that the quantity of the drugs in Young's possession was more than was typical for private use. Similarly, unrebutted testimony was presented to show that baking soda, such as that which was found in the console of Young's car, is commonly used by drug dealers as a "cutting agent" to dilute cocaine and increase profits from the sale of the drug, while a mere drug user would have no reason to mix cocaine with baking soda.

Possession of large quantities of controlled substances, i.e., crack cocaine and cocaine powder, is, standing alone, sufficient evidence of the defendant's specific intent to distribute, as is possession of controlled substances having a substantial street value. *United States v. Jackson*, 55

3

F.3d 1219, 1226 (6th Cir.), *cert. denied*, 516 U.S. 926 (1995); *United States v. Clark*, 928 F.2d 733, 737 (6th Cir.), *cert. denied*, 502 U.S. 846 (1991).

The government introduced testimony that the street value of the crack cocaine was approximately $4,000 and the street value of the cocaine powder was also in the $4,000 range. Moreover, the government introduced testimony to the effect that the defendant possessed more than 100 grams of "cut" in the center console of the vehicle, a further indication that the defendant intended to utilize a dilutant to increase the quantity of drugs in a distribution effort.

Against that background, the absence of any direct evidence that the defendant intended to sell the drugs in his possession fails to support an argument that the evidence was insufficient to establish an intent to distribute.

Counsel for Young on appeal has directed our attention to several opinions of this Court where the issue at hand was whether the evidence was sufficient to establish an intent to distribute and argues that the evidence in support of an affirmance of those challenged convictions was stronger than the evidence against Young. Specifically, Young's counsel cites *United States v. Jackson*, 55 F.3d 1219 (6th Cir. 1995) and *United States v. Salgado*, 250 F.3d 438 (6th Cir. 2001). The issue remains whether, in this case, any rational trier of fact could find the elements of the crimes beyond a reasonable doubt. Upon our review, we so find.

For the foregoing reasons, the conviction and sentence of the appellant Young is AFFIRMED.