RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0301p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

              *v.*

ROBERT M. SILLS, aka Fat Cat,
              *Defendant-Appellant.*

No. 10-1898

———————————

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 06-20663-015—Avern Cohn, District Judge.

Decided and Filed:  December 1, 2011

Before:  MARTIN, SUHRHEINRICH, and COLE, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:**  Michael A. Gross, SHER CORWIN LLC, St. Louis, Missouri, for Appellant.  Kathleen Moro Nesi, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

———————————

**OPINION**

———————————

    BOYCE F. MARTIN, JR., Circuit Judge.  Robert M. Sills, a federal prisoner, appeals through counsel his 2009 conviction, following a jury trial, of conspiracy to distribute five kilograms or more of cocaine, for which he was sentenced to 136 months of imprisonment.  He argues on appeal that the evidence was insufficient to support his conviction, and that the prosecutor committed misconduct during closing argument in referencing his failure to testify and improperly vouching for evidence submitted by the prosecution.

1

Sills was charged with being a member of the "Black Mafia Family," a nationwide drug conspiracy headquartered in Detroit. The evidence at trial included testimony from four co-defendants who had entered guilty pleas and agreed to testify in hopes of receiving lighter sentences. These witnesses testified that they had driven vehicles with secret compartments filled with cocaine to St. Louis on numerous occasions. The witnesses would turn the vehicles over to Sills, who would remove the cocaine, fill the secret compartments with cash, and return the vehicles to the witnesses. In support of this testimony, the government also introduced a ledger seized from one of the drug houses purporting to show a nickname by which Sills was known in the conspiracy appearing in several places, next to numbers indicating drug quantities and money. The government also introduced recordings of telephone calls between the conspirators mentioning the nickname by which Sills was known.

In reviewing a claim of insufficient evidence, we review the evidence in the light most favorable to the prosecution, and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). Sills argues that the evidence showed only that he purchased drugs from members of the conspiracy on numerous occasions, and not that he joined the conspiracy. While he acknowledges that case law from this circuit holds that a conspiracy can be inferred from repeated purchases of large quantities of drugs, *see United States v. Caver*, 470 F.3d 220, 233 (6th Cir. 2006), and that it can be assumed that participants understand that they are participating in a joint enterprise because their success is dependent on the success of those from whom they buy drugs, *see United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999), Sills argues that other circuits require more than a showing that the buyer intends to resell the drugs to establish that he has joined a seller's conspiracy. Sills cites *United States v. Hawkins*, 547 F.3d 66 (2d Cir. 2008), but that case found a conspiracy had been proven based on the ongoing relationship and trust between the buyer and seller. *Id.* at 75-76. In this case, the evidence showed that Sills had an ongoing relationship with the members of the conspiracy over several years, and that the members trusted Sills enough to turn over the

vehicles to him and instruct him how to open the secret compartments containing the drugs.  Therefore, we find the argument of insufficient evidence without merit.

During defense counsel's closing argument, counsel argued that the jury could not rely on the ledger to corroborate the testimony that Sills bought drugs from the conspiracy on numerous occasions because the person who wrote the ledger did not testify.  The prosecutor responded to this argument during closing as follows:

> And I'm so glad that Mr. Richards brought up the point that you haven't heard from this person who wrote these ledgers and all of that.  You heard that there were over 66 people indicted in this district alone.  You heard from Agent Harvey that there were 16 people indicted in Atlanta and that there were prosecutions in other districts in this country.

> And just like Mr. Sills exercised his right to remain silent--and you are by no means to judge him on that or read anything to that, you just look at the evidence that has been presented by the government and hold nothing against him for that--others are entitled to that same thing.

Sills argues that this argument was both an improper comment on his failure to testify and improper vouching for the ledger evidence.  Defense counsel did not object to the prosecutor's argument, so it can be reviewed only for plain error.  *See United States v. Emuegbunam*, 268 F.3d 377, 406 (6th Cir. 2001).  We will reverse a conviction based on plain error only in exceptional circumstances that seriously affect the fairness of the trial.  *Id.*

Allegations of prosecutorial misconduct, including comments on a defendant's failure to testify and improper vouching, are reviewed to determine whether the remarks were improper, and, if so, whether they were flagrant.  *United States v. Galloway*, 316 F.3d 624, 632-33 (6th Cir. 2003).  Here, the prosecutor commented on the defendant's failure to testify, but not in a way that would encourage the jury to infer guilt.  Rather, the comment closely mirrors the instruction given to the jury by the judge.  Therefore, even if it was improper, it was not flagrant.  Similarly, the prosecutor's explanation for the lack of testimony by the author of the ledger, implying that he may have invoked his Fifth Amendment rights, while arguably vouching for the materiality of the evidence, was not a flagrant misleading of the jury.  Given the strength of the

government's case, both comments were at most harmless error.  *See id.*  They do not give rise to the exceptional circumstances necessary to reverse a conviction on a ground not raised at trial.

Accordingly, the district court's judgment of conviction is affirmed.